IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**VICTOR CIPRIANO FIGUERO CHIQUITO,** )
)
    **Petitioner,** )
)
                                                                       )    **CIVIL ACTION NO. 1:23-00080**
**v.** )
)
**WARDEN ROKOSKY,** *et al.***,** )
)
    **Respondents.** )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

**PROCEDURAL HISTORY**

On February 3, 2023, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that he is eligible to earn time credit pursuant to the First Step Act of 2018 ("FSA"). (Document No. 1.) Specifically, Petitioner asserts that he is eligible to have earned credits under the FSA. (Id.) As relief, Petitioner requests that the BOP be required to award Petitioner's earned time credit in accordance to their "Published Memo" concerning the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

implementation of the FSA. (Id.) By Order entered on February 13, 2023, the Court ordered that Respondents file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) Following the granting of an extension of time, Respondents filed a Response to the Order to Show Cause on April 12, 2023. (Document No. 10.) Respondents argue that Petitioner's Petition should be denied as moot. (Id.) Respondents assert that subsequent to the filing of the above Petition, Petitioner was awarded 365 days of FSA credit and his new projected release date is December 5, 2023 via FSA release. (Id., pp. 1 – 2.) Specifically, Respondents explain as follows:

> The BOP Program Statement in effect at the time Petitioner's filing—i.e., Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)—included language for the application of up to 365 days of earned FTCs to inmates who, in relevant part, "[had] no detainers or unresolved pending charges, to include unresolved immigration status ...." *See* Respondent's Exhibit 1, Attachment A, Program Statement 5410.01, Pages 1, 17. However, subsequent to the filing of this action, the BOP issued a Change Notice, amending the Program Statement by striking the above language. *See* Respondent's Exhibit 1, Attachment B, Change Notice for Program Statement 5410.01. Thus, under the amended Program Statement, Petitioner is not prohibited from applying FTCs based on his unresolved immigration status detainer. *See id.* Accordingly, the BOP updated Petitioner's sentence computation, pursuant to the new guidance, to reflect the application of 365 days of FTCs towards Petitioner's early release. *See* Respondent's Exhibit 1, Attachment C, Sentence Monitoring Computation Data. Petitioner is now projected to be released on December 5, 2023 via FSA release. *See id.*

(Id.) As Exhibits, Respondents attach the following: (1) The Declaration of Misty Shaw (Document No. 10-1, pp. 2 – 3); (2) A copy of Program Statement 5410.01, pages 1 and 17 (Id., pp. 5 - 6); (3) A copy of "Change Notice" regarding Program Statement 5410.01 (Id., pp. 8 - 10); and (4) A copy of Petitioner's "Sentence Monitoring Computation Data As of 02-21-2023" (Id., pp. 12 – 14). By Order and Notice entered on April 12, 2023, the undersigned notified Petitioner

of his right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner, however, failed to file a Reply.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This case or controversy requirement means that a petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. Id.; also see Arizonans for Official English v. Arizona, 520 U.S. 43, 68, 117 S.ct. 1055, 137 L.Ed.2d 170 (1997)("The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence.") If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992)(quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699 (3rd Cir. 1996)(A case must be dismissed as moot if developments occur during adjudication that eliminates a petitioner's personal stake in the outcome of the suit or prevents a court from being able to grant the requested relief.) By virtue of the BOP awarding Petitioner his

3

requested 365 days of FSA credit, the Respondents can no longer provide the requested relief. Accordingly, Petitioner's claims are rendered moot by virtue of his receipt of the requested relief and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: May 17, 2023.

Omar J. Aboulhosn
United States Magistrate Judge